SAMUEL, Judge.
Decedent left two olographic wills, the first dated April 30, 1959 and the second dated January 30, 1961. Both were probated, the second after litigation (Succession of Hammett, La.App., 183 So.2d 416). Subsequent the dative testamentary executor filed a tableau of distribution which was opposed by the administrator of the Succession of James H. Atkinson, a legatee in the will of January 30, 1961. In due course there was judgment homologating and approving the tableau and, in effect, dismissing the opposition. The Administrator of the Succession of Atkinson has prosecuted this appeal therefrom.
In this court appellant makes several complaints regarding prematurity of the filing of the tableau, insufficiency of information as to the exact estate on hand, how it was accumulated, what money had been received, what debts and taxes had been paid and how the proposed disbursements were computed. However, those complaints are only mentioned in brief and in argument. Our attention has not been called to any law, procedural or otherwise, which has been violated and it does not appear that appellant has been harmed by any of the matters concerning which he complains. Under these circumstances we deem it sufficient to say we have examined the record relative to those complaints and find no error therein.
Appellant's main contention is that the will of January 30, 1961 in effect revoked the will of April 30, 1959 in its entirety and, more particularly, revoked two of the legacies contained in the latter will, one to May Fletcher in the amount of $30,000 and the other to Margaret Ann Segleau in the amount of $5,000.
The two wills read as follows:
“April 30, 1959
This is my last will and testament. I hereby revoke any prior wills and also the revokable trust entered into by myself and the Hanover Bank. I leave to *251 May Fletcher $30,000. I leave to Margaret Ann Segleau $5,000.
The remainder of my estate I leave my husband Donald Hammett 50% and to my brother, Sam Zemurray 50%.
Anne Pickering Zemurray Hammett.”
“Jan. 30, 1961
To whom it may concern,
75%vof all my^monetary, real estaste [sic] and stock holdings to Sam Zemur-ray III with James H. Atkinson as trustee to be held in trust at Sam’s discretion until Sam is 35 years old.
25% of all my monetary, real estaste [sic] and stock holding to James H. Atkinson.
Donald Albert Hammett is no longer my husband and I leave him nothing.
Anne Zemurray Hammett”
Citing LSA-C.C. Arts. 1712, 1715 and 1716 and Succession of Rolling, 229 La. 727, 86 So.2d 687, appellant argues that the words “monetary, real estate and stock holdings” as used in the will of January 30, 1961 (“75% of all my monetary, real estaste [sic] and stock holdings to Sam Zemurray III” and “25% of all my monetary, real estaste [sic] and stock holding to James H. Atkinson.”) should be interpreted as intended by the decedent to dispose of her entire estate, thereby revoking the specific bequests contained in the prior will by leaving all of her estate to Sam Ze-murray III and James H. Atkinson, because a layman ordinarily would use such words to describe the estate as a whole.
The Civil Code Articles upon which appellant relies read as follows:
“In the interpretation of acts of last will, the intention of the testator must principally be endeavored to be ascertained, without departing, however, from the proper signification of the terms of the testament.” LSA-C.C. Art. 1712.
“When, from the terms made use of by the testator, his intention can not be ascertained, recourse must be had to all circumstances which may aid in the discovery of his intention.” LSA-C.C. Art. 1715.
“A mistake in the name of an object bequeathed is of no moment, if it can be ascertained what the thing was which the testator intended to bequeath.” LSA-C.C. Art. 1716.
We note that a determination of the issue with which we are presented is controlled primarily by LSA-C.C. Art. 1693, which reads:
“Posterior testaments, which do not, in an express manner, revoke the prior ones, annul in the latter only such of the dispositions therein contained as are incompatible with the new ones, or contrary to them, or entirely different.” LSA-C.C. Art. 1693.
We find the cited case, Succession of Rolling, is not apropos. Relying primarily on a bequest of “The remainder of my estate” which appeared in the posterior will, the court in Rolling concluded the second testament disposed of the testatrix’s entire estate and displayed an intention to revoke the prior will and codicil thereto. In the instant case the posterior will makes no disposition of the remainder of the estate. And applying the quoted articles to the facts of this case leads us to a conclusion contrary to appellant’s contention.
The usual meaning [1] of the words “monetary, real estate and stock holding” would *252 not include use of those words for the purpose of describing the whole of an estate. “Real estate” and “stock” are words of common usage and are entirely clear; the former refers to land and other immovable property and the latter here certainly refers to corporation stock. Insofar as applicable here “monetary” is defined as: coin, money; of or relating to money; pecuniary.[2] However, in the instant case we have more positive evidence that the testatrix herself did not intend to refer to her entire estate by the use of the words “monetary, real estate and stock holding”.
Included in the record before us is another document dated January 4, 1961 which was filed in evidence in the trial court. Although not probated[3] it appears to have been drawn by the testatrix as her will and bears her signature. In that document she makes five separate bequests, of various percentages totaling 100% of her “monetary, real estate [4] and stock holdings” to several legatees and then further bequeaths her jewelry, her clothing and her “personal effects” to various other legatees. Thus it is quite clear the testatrix considered “monetary, real estate and stock holding” as only a part of her estate and did not intend her use of those words to refer to or include her entire estate.
Applying the above quoted Civil Code Article 1693, as the posterior will of January 30, 1961 does not expressly revoke the prior will dated April 30, 1959, and as the bequests to May Fletcher and Margaret Ann Segleau, which are contained in the prior testament, are not incompatible with, contrary to, or entirely different from the dispositions contained in the testament of January 30, 1961, those bequests were not annulled by the later will.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. “In ascertaining the intention of the testator ‘the language of the will is generally to be understood in the ordinary popular meaning * * * ’ Succession of Price, 202 La. 842, 13 So.2d 240 (1943). See also Succession of Villa, 132 La. 714, 61 So. 765 (1913).” Succession of Mulqueeny, 248 La. 659, 181 So.2d 384.

. See Webster’s New International Dictionary, 3rd Edition (1961).

. The record before us contains only those portions which were stipulated as necessary for the record on appeal. It contains nothing regarding the document dated January 4, 1961 except that document itself. No complaint has been made relative to that document.

.In two instances spelling “estate” correctly, as was done in her April 30, 1959 will, and in three instances spelling it “estaste”, as in her January 30, 1961 testament.