251 So.2d 890 (1971)
Paul Richard WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. N-540.
District Court of Appeal of Florida, First District.
September 7, 1971.
John Paul Howard, Jacksonville, for appellant.
Robert L. Shevin, Atty. Gen., and Nelson E. Bailey, Asst. Atty. Gen., for appellee.
RAWLS, Judge.
Paul Richard Wright, defendant below, appeals judgments of conviction and sentences for: 1. Breaking and entering with intent to commit a felony; and 2. Grand larceny.
Wright contends that the State committed reversible error during his trial by: (a) Introducing testimony that while in custody, and during interrogation, he remained silent; (b) Failing to establish that the stolen property had a market value of $100.00 or more at the time of the theft; and (c) Denying his motion to suppress certain evidence seized without a search warrant.
A minister who resides in Jessup, Georgia, owned a partially-furnished house in Green Cove Springs, Florida, which he visited two or three times a month. The back door of this house was locked. On the afternoon of January 30, 1969, a neighbor observed a small red station wagon pull up to the rear of the subject house where two men were waiting. The station wagon was being driven by a woman who had four children with her. The neighbor, aware that the minister was in Georgia, telephoned the sheriff and reported what she had observed. A deputy sheriff investigated the report and found the back door of the home had been forcibly opened. A radio alert describing the station wagon and its occupants resulted in a policeman, who was in the vicinity of the house, stopping a small red station wagon which contained two men, a woman, and four children. The vehicle had a washing machine tied to the tailgate. One of the men and *891 the woman were placed under arrest. Wright, who had fled, was apprehended. The vehicle was impounded and towed to the police station. Wright, after being given Miranda warnings, gave written consent for the police to search the car. The washing machine, a piece of carpet, fan, and a portable typewriter were recovered from the vehicle and identified by the minister as being his property and valued by him at trial in the approximate sum of $150.00. A defense witness appraised the value of the items as $69.00.
Wright's primary point on appeal pertains to the testimony of a police officer. During the interrogation of this witness by the State, he stated:
"* * * I brought Paul Wright out and talked to him. I advised him of his rights under the Miranda ruling and asked him about the items in the automobile and he had no explanation. I asked him if he would give me * * *"
Defense counsel immediately objected and moved for a mistrial, which motion was denied. Defendant vigorously contends that this remark so prejudiced his rights that the failure to grant mistrial was reversible error, citing Miranda v. State of Arizona,[1] Jones v. State,[2] and Galasso v. State.[3]
In Jones, the defendant was accused of snatching a purse and found in possession of articles identified by the victim as being hers. Upon the authority of Miranda, the Third District Court of Appeal held that the introduction of evidence by the State, without objection, that the accused, while in custody, remained silent in the face of an accusation of guilt, constitutes fundamental error.
In Galasso, the Fourth District Court held that any evidence to the effect that a defendant in custody remained silent is inadmissible where such evidence tends to penalize the defendant for having exercised his right to remain silent. The Supreme Court of Florida, in reviewing Galasso,[4] stated:
"Although the District Court correctly adopted the proper rule of law we nevertheless reach a different result than it did in our disposition of this cause. Admittedly the admission of the testimony of Mr. Brumley was error but the issues remain, was it such an error as to require reversal or was it, in fact, harmless error. * * *"
and concluded that the error committed by the trial court's admission of the testimony fell within the harmless error doctrine. Factually, the instant cause is controlled by the Supreme Court's opinion in Galasso. As stated therein, "That such an inconclusive and insubstantial colloquy can vitiate an otherwise proper trial so as to require reversal tends to make a mockery out of our system of jurisprudence."
Appellant's two remaining points are likewise without merit. An owner is qualified to testify as to his opinion of market value at the time of theft. The conflict as to value was properly submitted to the jury which resolved the issue joined. The final point questioning the legality of what appellant terms a "search" does not require any extensive inquiry. As stated above, the law enforcement officers were promptly alerted as to suspicious actions of the participants in this crime. At the time of the initial "search" which is more definitively categorized as a "sighting," this appellant was not present, having fled from the scene. A search warrant is not required to see a washing machine tied to the tailgate of a small station wagon. Lastly, after the vehicle was impounded, a written *892 consent to search same was given by this appellant. The judgment of conviction is
Affirmed.
WIGGINTON, Acting C.J., and MELVIN, WOODROW M., Associate Judge, concur.
NOTES
[1] Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974.
[2] Jones v. State, 200 So.2d 574 (Fla. DCA 3d 1967).
[3] Galasso v. State, 207 So.2d 45 (Fla. DCA 4th 1968).
[4] State v. Galasso, 217 So.2d 326 (Fla. 1968).