MANN, Judge.
The only question in this appeal is whether the evidence of the value of the victim’s purse and the items contained therein sustains Singleton’s conviction of grand larceny. At the most the record will support a finding that there was $87.00 in cash in the purse at the time, and the grand larceny conviction can only be sustained upon evidence that the purse and its contents had a market value of at least $13.00. However, the only testimony is as to the original cost of the articles, and defense counsel was not allowed to cross-examine the victim regarding current value.[1] The prosecutor and trial judge *314 identified original cost with value and this was plainly error. There is absolutely nothing in this record which will sustain the contention that the victim’s lipstick, which she paid $3.00 for, had a value of $3.00. The State can no more contend that the lipstick had a value at the time of the theft — the material date — than the defendant could contend that its value was determined by what a fence would pay for stolen property. The purse, which the victim valued at $8.00, had cost that sum a year earlier. She could not testify whether the brush, which she valued at $5.00, having paid that sum for it, was a year old or two years old.
We agree completely with the State’s contention that the victim is a competent witness to value,[2] but like all witnesses her testimony cannot be accepted when it is so . . inherently improbable or unreasonable, opposed to common knowledge . . . ”[3] as to be unworthy of belief. This is an old principle more recently illuminated by Judge Bark-dull in Shell’s City, Inc. v. Westerman.[4]
Cost bears on value but is not its equivalent. Accordingly the judgment is reversed and the cause is remanded to enter judgment, pursuant to Fla.Stat. § 924.34 (1969), F.S.A.[5] adjudicating Singleton guilty of petit larceny and to impose an appropriate sentence.
In view of the fact that the appellant’s brief was filed tardily and cited no authorities, as F.A.R. 3.7(f), 32 F.S.A. requires, thus imposing upon this court the obligation of annotating this opinion and, as a consequence, the maximum sentence for petit larceny will shortly have expired, the time within which the State may file petition for rehearing is reduced to five days.
Reversed and remanded.
LILES, A. C. J., and McNULTY, J., concur.

. Suarez v. State, Fla.App.2d 1962, 136 So.2d 367, and eases therein cited; see also Miller v. State, Fla.App.2d 1968, 212 So.2d 388.

. Fla.App.3d 1971, 257 So.2d 276.

. This statute was amended by Laws of Florida 1970, c. 70-339, § 161, in a respect not here material.

. Wright v. State, Fla.App.1st 1971, 251 So.2d 890.

. Catlett v. Chestnut, 1933, 107 Fla. 498, 146 So. 241.