ADKINS, Justice.
By petition for certiorari, we have for review a decision of the District Court of Appeal, Fourth District (Zerega v. State, 247 So.2d 349), which allegedly *2 conflicts with a prior decision of the District Court of Appeal, Third District (Jones v. State, 200 So.2d 574), and a prior decision of this Court (State v. Galasso, 217 So.2d 326) on the same point of law. Fla.Const., art. V, § 4, F.S.A.
Petitioner was indicted for murder in the first degree and entered a plea of not guilty and not guilty by reason of insanity. Upon trial by jury petitioner was found guilty of murder in the second degree, adjudged guilty by the Court, and sentenced to imprisonment in the State prison for a term of 25 years. Upon appeal, petitioner’s conviction was affirmed by the District Court of Appeal, Fourth District, without opinion (247 So.2d 249).
At the trial, the following occurred during the cross-examination of a psychiatrist and neurologist, Dr. Clifford McIntyre by the State Attorney:
‘•Q What about, Doctor, if an individual would, after he is apprehended— requests the services of an attorney? Would that indicate he knew right from wrong?
“A No.
“Q Could it indicate that he knew right from wrong?
“Mr. Varón: Excuse me, Your Honor. There is no such evidence in this case about his apprehension or anything like that; misleading the witness.
“The Court: Objection overruled. This is cross-examination.
“Mr. Varón: All right.
“The Court: There is no evidence at all that’s been adduced as to some of these matters.
“Mr. Varón: All right.
“Q So it’s your statement that an individual apprehended, then is advised of his rights, let’s say, and says, ‘I’m not going to say anything until I talk to an attorney,’ would that indicate that he knew right from wrong about the act?
“Mr. Varón: Same objection, Your Honor. There is nothing about this in the record.
“The Court: Objection sustained. The jury will disregard that question.”
“(Emphasis ours)”
When Dr. Peter Gordon Lever, a psychiatrist, was testifying for the defense, the prosecutor on cross-examination asked the following;
“Q Doctor, in regards to this individual knowing right from wrong on the night in question, does it change your opinion any that the individual leaves the scene?
“A No.
“Q Does it change your opinion any that when contacted by the police—
“The Court: Just a minute, Counsel.
Take the jury to the jury room, Mr. Bailiff.”
At this point petitioner moved for a mistrial based upon the fact that the prosecution had attempted to indicate that when the petitioner was contacted by the police he took advantage of his constitutional rights and chose to remain silent. The motion for mistrial was denied.
The thrust of petitioner’s argument is that the question quoted above and emphasized by us was so prejudicial to defendant as to warrant a mistrial.
In Jones v. State, supra, relied upon by petitioner for conflict, a police officer testified in a grand larceny prosecution that when the victim stated defendant was the one who had taken her purse the defendant did not say anything. The Court held that this was reversible error.
In the case sub judice, no evidence was introduced or testimony given con *3 cerning the silence of the accused. To place the questions in the case sub judice in their proper perspective, it must be realized that they were asked of the 'experts as hypothetical questions presenting additional hypothetical facts which might, or might not, change the nature of their opinions. There was no assertion by the State Attorney that petitioner himself had engaged in such conduct. It is well settled that hypothetical questions need not be an exact reproduction of the evidence and counsel may pose hypothetical questions upon any reasonable theory as to the effect of evidence. Should the jury find such evidence is not proved, the questions and answers must simply be disregarded. Baker v. State, 30 Fla. 41, 11 So. 492 (1892), and Williams v. State, 45 Fla. 128, 34 So. 279 (1903).
The comment on petitioner’s silence happened on a hypothetical question going to the issue of sanity, and not to the issue of whether petitioner committed the acts constituting the offense. There was no basis in the record for this question and it was properly stricken as an improper question.
The trial court must of necessity exercise a liberal discretion in controlling cross-examination. Since the Court sustained an objection to the question and admonished the jury to disregard the question, no ground for complaint remains. Only on one occasion during the course of the trial did the jury hear the alleged comment on the petitioner’s silence and they were quickly and thoroughly admonished to disregard the question.
Petitioner also relies upon State v. Galasso, supra, where the Court considered the prejudicial effect of a police officer’s testimony that when he asked defendant who owned marijuana the officer had found, a defendant replied “some man, don’t say anything.” This Court held that the admission of this statement was error. However, the error was held to be harmless and the conviction was not reversed. In the case sub judice, the single comment on petitioner’s silence was just as inconsequential as the statement in State v. Galasso, supra, as it occurred in a hypothetical question going to the issue of sanity rather than the commission of the act.
Fla.Stat. § 924.33, F.S.A., provides as follows:
“No judgment shall be reversed unless the appellate court is of the opinion, after an examination of all the appeal papers that error was committed that injuriously affected the substantial rights of the appellant. It shall not be presumed that error injuriously affected the substantial rights of the appellant.”
It has not been made to appear that the substantial rights of petitioner have been injuriously affected by the question propounded during the trial. Just as in State v. Galasso, supra, the comment by such question was so inconsequential as to be a harmless error.
Wright v. State, 251 So.2d 890 (Fla.App. 1st, 1971), was an appeal from a conviction of breaking and entering with attempt to commit a felony and of grand larceny. In its opinion, the Court said:
“Wright’s primary point on appeal pertains to the testimony of a police officer. During the interrogation of this witness by the State, he stated:
“ ‘ * * * I brought Paul Wright out and talked to him. I advised him of his rights under the Miranda ruling and asked him about the items in the automobile and he had no explanation. I asked him if he would give me * * * >
“Defense counsel immediately objected and moved for a mistrial, which motion was denied. Defendant vigorously contends that this remark so prej^ udiced his rights that the failure to grant mistrial was reversible error, citing Miranda v. State of Arizona (384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 *4 A.L.R.3d 974), Jones v. State (200 So.2d 574 (Fla.DCA 3d 1967)), and Galasso v. State (207 So.2d 45 (Fla.DCA 4th 1968)).
“In Jones, the defendant was accused of snatching a purse and found.in possession of articles identified by the victim as being hers. Upon the authority of Miranda, the Third District Court of Appeal held that the introduction of evidence by the State, without objection, that the accused, while in custody, remained silent in the face of an accusation of guilt, constitutes fundamental error.
“In Galasso, the Fourth District Court held that any evidence to the effect that a defendant in custody remained silent is inadmissible where such evidence tends to penalize the defendant for having exercised his right to remain silent. The Supreme Court of Florida, in reviewing Galasso, stated:
“ ‘Although the District Court correctly adopted the proper rule of law we nevertheless reach a different result than it did in our disposition of this cause. Admittedly the admission of the testimony of Mr. Brumley was error but the issues remain, was it such an error as to require reversal or was it, in fact, harmless error. * * * ’
“and concluded that the error committed by the trial court’s admission of the testimony fell within the harmless error doctrine. Factually, the instant cause is controlled by the Supreme Court’s opinion in Galasso. As stated therein, ‘That such an inconclusive and insubstantial colloquy can vitiate an otherwise proper trial so as to require reversal tends to make a mockery out of our system of jurisprudence.’ ” (p. 891).
Petitioner has failed to show direct conflict with any other decision of a District Court of Appeal or this Court. The writ of certiorari having been improvidently entered the same is discharged.
It is so ordered.
ERVIN, Acting C. J., and CARLTON, BOYD and McCAIN, JJ„ concur.