267 So.2d 23 (1972)
Barry Wayne BRENISER, Appellant,
v.
STATE of Florida, Appellee.
No. 71-512.
District Court of Appeal of Florida, Fourth District.
September 12, 1972.
Joseph A. Varon of Varon & Stahl, Hollywood, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Andrew I. Friedrich, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Judge.
On Christmas Eve, appellant, standing in the living room of his own home, killed one James Richard Cooper with a single rifle shot fired at almost point blank range. Charged with second degree murder, appellant was tried by a jury and found guilty of manslaughter. On this direct appeal from the conviction and sentence, we conclude that the best interest of justice would be served by awarding appellant a new trial.
*24 Officers of the City of Hollywood Police Department were promptly dispatched to the scene and upon arrival took appellant into custody. Approximately three hours later, while at the police station, appellant voluntarily submitted to extensive police interrogation concerning all of the circumstances surrounding the shooting incident. The interrogation was mechanically recorded and subsequently placed in typewritten form. No question is raised as to the voluntariness of the statements made by appellant, nor of his having been properly warned of his constitutional rights, and in fact, by stipulation of counsel at trial, the typewritten transcript of the interrogation session was placed in evidence by the state.
The state called as a witness the police officer who had arrested appellant. The officer testified that he first advised appellant of his constitutional rights, and then asked if he wanted to say anything, to which appellant replied, "I don't believe so at this time". The prosecutor followed this response with another question to the witness in the following form:
"So, the defendant requested or advised you that he did not wish to say anything to you?"
to which question the witness replied in the affirmative. Further direct examination produced from the witness a statement that he had read to appellant the Miranda rights from a card which the officer carried, whereupon the prosecutor put a question in the following form:
"Would you just relate what you advised him before he said he wished not to talk to you?"
In response, the officer proceeded to itemize the several constitutional rights of which appellant was warned, reciting each in full and commenting after each to the effect that appellant had acknowledged his understanding thereof. The witness then made the following statement:
"I said, knowing and understanding your rights as I have explained them to you, are you willing to answer my questions without an attorney present? At this time, he stated, `at this time, I don't believe I do'. In other words he didn't want to talk to me . ..".
At this point, defendant's counsel asked that the jury be removed, and then out of the presence of the jury moved the court to declare a mistrial on the basis of the repeated statements made by the witenss concerning the appellant's having exercised his constitutional right to remain silent.
There was no reason for the prosecution to introduce evidence of the fact that appellant had claimed his constitutional privilege of remaining silent after he had been taken into police custody. The average juror may well believe that at such a moment an accused who felt himself innocent would have no hesitancy in fully discussing the matter with the police, and conversely, an accused who elected to exercise the constitutional privilege "had something to hide". The United States Supreme Court made it clear in its decision in Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, that the prosecution may not use at trial evidence of the accused claiming the privilege to remain silent. In State v. Galasso, Fla. 1968, 217 So.2d 326, our Supreme Court expressly approved the following language of the opinion which Judge Reed authored for this court in the case of Galasso v. State, Fla.App. 1968, 207 So.2d 45, at 48:
"The ruling in the Miranda decision to the effect that it is impermissible to penalize an individual who while in police custody exercises his privilege against self-incrimination by remaining silent, prohibits the admission of testimony relating to the silence of a defendant during the investigatory stages of a criminal case, even though the defendant later chooses to take the stand at the trial and testify in his own behalf, cf. Jones v. State, Fla.App. 1967, 200 So.2d 574, 576. *25 To permit the use of such testimony would penalize the defendant for having remained silent at the investigatory stage because evidence of such silence tends to derogate his testimony at trial and also implies guilt."
Recent federal decisions expressing a similar view include United States v. Kroslack, 7 Cir.1970, 426 F.2d 1129; Walker v. United States, 5 Cir.1968, 404 F.2d 900, and Baker v. United States, 5 Cir.1966, 357 F.2d 11. While appellee concedes that the testimony [concerning appellant's silence after having been given warning of his constitutional rights] was inadmissible, it contends that such testimony did not injuriously affect substantial rights of the appellant and hence was harmless, citing in support of its position Zerega v. State, Fla. 1972, 260 So.2d 1; Wright v. State, Fla.App. 1971, 251 So.2d 890 and State v. Galasso, supra. Each of these cases involved a single, isolated comment which was felt to be too inconsequential and unsubstantial as to justify reversal, whereas in this case, between the prosecutor's questions and the witness's answers the jury was told five separate and distinct times of appellant's desire to remain silent. We do not suggest that five such incidents necessarily become prejudicial anymore than we view Zerega, Wright and Galasso, supra, as standing for the proposition that one such incident is always necessarily harmless. We are simply satisfied that this factor alone adequately distinguishes the present case from those which have held a single isolated incident of this type to be harmless, and thus permits us to make the judgment in this case that appellant may well have been prejudiced by such impermissible testimony.
During the prosecutor's closing argument to the jury he made the following statement:
"I know it is hard not to have sympathy for this man in this circumstance, but I think if sympathy is to be given to this man, you must think of sympathy along another line and that sympathy must go toward Mrs. Jeanie Cooper, and the little girl, James' little girl."
Defense counsel's objection to this argument was overruled. Subsequently, the prosecutor made the following comment to the jury:
"I could beg for the family of Jimmy Cooper and his daughter. If there is going to be begging for the family, they do not have a father. They did not spend Christmas with their father. Their father is dead. I am not going to beg for a verdict."
To this latter comment, defense counsel made no objection and therefore we do not weigh it in reaching our decision. State v. Jones, Fla. 1967, 204 So.2d 515. We mention it here only to teach the impropriety of the prosecutor making comments of this type in closing argument. See Mears v. State, 1967, 83 Nev. 3, 422 P.2d 230; Lowman v. State, 1956, 38 Ala.App. 612, 91 So.2d 697.
While appellant points out that the record does not establish that there was a "Mrs. Jeanie Cooper", or that the decedent Cooper had a daughter  "James' little girl", and thus the prosecutor was guilty of improperly arguing facts not supported by the record, the real thrust of appellant's point here is the prosecutor's misconduct in appealing to the sympathy of the jury. Such is indeed improper, and while prosecutors should be commended for handling their duties with zeal, they would profit greatly by giving careful heed to the admonitions and restraints set forth in the numerous time-honored cases cited and discussed by Mr. Justice Drew in Grant v. State, Fla. 1967, 194 So.2d 612, some of which are also cited and discussed by Judge Mann in Chavez v. State, Fla.App. 1968, 215 So.2d 750.
Here again the appellee suggests that while the prosecutor's comments may have been improper, they were not of such *26 character as to justify a reversal of the conviction, citing Collins v. State, Fla. 1965, 180 So.2d 340 and Wingate v. State, Fla. App. 1970, 232 So.2d 44. While we unequivocally condemn argument designed to sway the jury to decide guilt or innocence on an emotional basis, we do not quarrel with the proposition that each case must be considered upon its own merits and within the circumstances pertaining when the questionable argument is made. It is our judgment that in this case the appeal to sympathy could not help but have served to deprive appellant of a fair trial.
Considering the total effect of the two areas we have discussed in this opinion, we are satisfied that the ends of justice will be best served by reversing the judgment and sentence and remanding this cause to the trial court for a new trial. It is so ordered.
Reversed and remanded.
WALDEN and CROSS, JJ., concur.