PER CURIAM.
Defendant-appellant was indicted for murder in the first degree, tried by jury, convicted, and sentenced to life imprisonment.
On appeal, one of appellant’s contentions is that the trial court erred in overruling defendant’s objections to hypothetical questions posed to the state’s expert witnesses on the grounds that these questions did not reflect all the facts in evidence.
It is well settled that hypothetical questions need not be an exact reproduction of the evidence and counsel may pose hypothetical questions upon any reasonable theory as to the effect of the evidence. Should the jury find such evidence is not proved, the questions and answers must simply be disregarded. Zerega v. State, Fla.1972, 260 So.2d 1; Baker v. State, 30 Fla. 41, 11 So. 492 (1892); and Williams v. State, 45 Fla. 128, 34 So. 279 (1903). Further, we noted that appellant neither offered an amendment to the hypothetical questions tendered by the prosecution nor did she offer one of her own, but merely objected to them. Therefore, we hold that if there was error, it was harmless error.
Appellant additionally contends that the trial court erred in overruling defendant’s objections to the state’s cross-examination of the defendant on the existence vel non of a life insurance policy.
*42 In support of this argument defense counsel relies primarily on the case of People v. Gougas, 410 Ill. 235, 102 N.E.2d 152 (1951), wherein the Illinois Supreme Court held that the victim’s life insurance policy, which named the accused as beneficiary, was improperly admitted into evidence in absence of a showing that the accused knew of the existence of the policy. This case, however, is clearly distinguishable from the case sub judice as the record on appeal reflects the testimony of the defendant to the effect that she knew of the existence of the insurance policy, believed it had lapsed, but thought the victim had reinstated it. Thus, we find no error.
We also considered appellant’s remaining point on appeal and found that to be without merit.
Accordingly, the judgment appealed is affirmed.
Affirmed.