PER CURIAM.
The appellant, Jimmie Lee Pearson, was tried upon a charge of first degree murder for the killing of Harry Moody. He was found guilty by a jury of the crime of manslaughter, was adjudicated in accordance with the verdict and sentenced to a term of thirteen years in the state prison. On this appeal, it is urged that he did not receive a fair trial because of the failure of the trial court to grant a mistrial due to claimed improper remarks of the prosecuting attorney in closing argument.
The appellant does not claim that the court committed error in failing to sustain his objections or in failing to give cautionary instructions to the jury but argues rather that the remarks were such that even after the instructions were given, the remarks so prejudiced the jury that he did not receive a fair trial.
The proof of appellant’s guilt, is clear and convincing. His only defense was a claim of self-defense. This defense was not substantial. It is clear from the record that one of the remarks complained of, that “. . . the only just verdict in this case is a verdict of guilty of first-degree murder against this defendant. Anything less and you are rubber-stamping every ghetto murder” had no effect upon the jury because the jury did bring back a verdict substantially less than first degree murder. The remaining comments objected to were *448 claimed to have made oblique reference to defendant’s failure to take the stand. In each case, we find such a construction to be strained. In addition, the court fully and repeatedly instructed the jury on this point. We find no prejudicial error in view of the holdings in Collins v. State, Fla. 1965, 180 So.2d 340 and Breniser v. State, Fla.App.1972, 267 So.2d 23.
Affirmed.