335 So.2d 854 (1976)
Early WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 75-895.
District Court of Appeal of Florida, Fourth District.
July 30, 1976.
Richard L. Jorandby, Public Defender, and Frank B. Kessler, Asst. Public Defender, and Paul M. Herman, Legal Intern, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William M. Grodnick, Asst. Atty. Gen., Miami, for appellee.
PER CURIAM.
In light of the Supreme Court of Florida's recent decisions in Shannon v. State, 335 So.2d 5, opinion filed June 30, 1976 and Bennett v. State, 316 So.2d 41 (Fla. 1975), and this court's decision in Bostic v. State, 332 So.2d 349 (Fla. 4 DCA 1976), the testimony elicited during direct examination by the State reflecting the defendant's silence after his arrest and Miranda warnings constituted fundamental reversible error. Accordingly, the judgment and sentence of conviction are reversed and the cause remanded for a new trial.
REVERSE AND REMAND.
MAGER, C.J., and WALDEN, J., concur.
DOWNEY, J., concurs specially, with opinion.
DOWNEY, Judge (concurring specially).
In this case a police officer called as a witness for the state, testified that he informed appellant of his constitutional rights at the time of appellant's arrest and that appellant did not want to talk at that time. After being taken to the police station, the appellant was again informed of his constitutional rights. At that time appellant voluntarily made an incriminating statement. The court received that statement into evidence.
The majority has decided to reverse on authority of cases holding that it is reversible error for the state to produce evidence that tells the jury a defendant remained silent after being advised of his constitutional rights. I have no quarrel with those cases. However, under the circumstances of the present case, I do not think they are applicable here because the appellant made a voluntary inculpatory statement at the police station after remaining silent at the time of his arrest. I think that the subsequent voluntary statement dissipated any harm which the testimony relative to the earlier silence might have inflicted on appellant because harm results from improper inferences a jury might make from testimony concerning a defendant's silence upon being given constitutional warnings.[1]
*855 Here any inferences the jury might make as to appellant's initial silence were insignificant in light of appellant's voluntary inculpating statement.
Were it not for this court's decision in Breniser v. State, 267 So.2d 23 (Fla. 4th DCA 1972) (in which the defendant's subsequent voluntary inculpatory statement was held not to dissipate the prejudice arising from testimony as to his earlier silence), I would dissent in this case. While I disagree with the holding in the Breniser case, I feel constrained to follow it. I therefore concur in the decision to reverse the judgment of conviction in this case.
NOTES
[1] "Not only is evidence of silence at the time of arrest generally not very probative of a defendant's credibility, but it also has a significant potential for prejudice. The danger is that the jury is likely to assign much more weight to the defendant's previous silence than is warranted. And permitting the defendant to explain the reasons for his silence is unlikely to overcome the strong negative inference that the jury is likely to draw from the fact that the defendant remained silent at the time of his arrest." United States v. Hale, 422 U.S. 171, 95 S.Ct. 2133, 2138, 45 L.Ed.2d 99 (1975).