BOYD, Justice,
dissenting.
I respectfully dissent from discharge of the writ of certiorari. When the Court issued the writ after a petition for rehearing, I voted to accept jurisdiction because the decision of the District Court of Appeal, Fourth District, in this case conflicted with Zerega v. State, 260 So.2d 1 (Fla.1972); Baker v. State, 30 Fla. 41, 11 So. 492 (1893); Christiansen v. State, 280 So.2d 41 (Fla.3d DCA 1973); Blocker v. State, 92 Fla. 878, 110 So. 547 (1926). These cases hold that if the predicate to expert testimony is not proved the testimony must be disregarded. I continue to believe there is conflict between these cases and the result of the decision in this case.
The defendant’s defense of temporary insanity was supported by expert testimony that when told by the victim (his girlfriend) that she had engaged in sexual relations with another man the same day, a disasso-ciative reaction occurred which led to the murder. The court refused to admit both testimony of the man with whom the victim allegedly had sexual relations and of the physician who, during the autopsy, found semen in the corpse of the victim. This evidence would have provided the predicate for the expert testimony.
The court instructed the jury to reject the expert testimony if it found that the alleged facts upon which the testimony was based had not been proven. Since the court so instructed the jury, it seems to me that the defendant should have been given the opportunity to prove, by the excluded testimony, the existence of the facts upon which the expert testimony was based. Therefore, I would quash the decision of the District Court of Appeal, Fourth District, and direct that the cause be remanded to the trial court for a new trial.
ADKINS, J., concurs.