DOWNEY, Judge,
concurring specially:
In my judgment this is not a Doyle or Smith situation. In both of those cases the defendant, after being advised of his rights, remained silent at the time of his arrest and thereafter until trial. At trial the defendant in each of those cases had an exculpatory story. Then the prosecutor in each case tried to attack the believability of defendant’s exculpatory story by eliciting the testimony that defendant had remained silent at the time of his arrest. In this case appellant remained silent at the time of his arrest after receiving advice as to his rights, but shortly thereafter he gave an inculpatory statement. At trial the incul-patory statement and the fact that appellant remained silent were revealed to the jury. I perceive a vast difference between commenting upon a defendant’s silence at the time of arrest when he never admitted guilt and at trial seeks to exculpate himself and a comment on a defendant’s silence at the time of arrest where he shortly thereafter admits his guilt. In the former situation the comment prejudices the defendant for exercising his constitutional right to remain silent — the prejudice is that it makes one suspect the defendant is guilty. In the latter situation, how can a defendant be prejudiced by the jury knowing he remained silent when in the next breath the jury is advised the defendant admitted his guilt.
In view of the foregoing, it seems to me that the facts of this case are akin to the facts in Williams v. State, 335 So.2d 854 (Fla. 4th DCA 1976) and Breniser v. State, 267 So.2d 23 (Fla. 4th DCA 1972). As I noted in Williams, I disagree that on these facts the Bennett, Bostic rule is applicable. However, the court in Breniser and Williams ruled otherwise. Accordingly, I reluctantly concur in the decision to reverse the judgment appealed from on that point.