367 So.2d 685 (1979)
SANTOS WRESTLING ENTERPRISES, INC., etc., et al., Appellants,
v.
Juana PEREZ and Gustavo Perez, Her Husband, Appellees.
No. 78-607.
District Court of Appeal of Florida, Third District.
February 6, 1979.
Rehearing Denied March 9, 1979.
Bradford, Williams, McKay, Kimbrell, Hamann & Jennings and Thomas E. Scott, Miami, for appellants.
Horton, Perse & Ginsberg and Edward A. Perse, Ratiner & Glinn, Miami, for appellees.
Before KEHOE and SCHWARTZ, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
KEHOE, Judge.
Appellants, defendants below, bring this appeal from an adverse final judgment in a personal injury action. We reverse.
*686 Appellants in their first point on appeal contend that the trial court erred in excluding the opinion testimony of their expert concerning the etiology of appellee Juana Perez's medical condition offered by hypothetical questions and by an independent review of her medical records, including depositions of the treating physicians.
The basis of the trial court's exclusion of appellants' expert witness's testimony, a medical doctor, was that he had not treated appellee Juana Perez, and hence there was no proper predicate. This presents the question of whether an expert may render an opinion on medical causation by way of hypothetical question or independent review of the evidence without treating the patient. In our opinion, an expert may appropriately render such an opinion. Brevard County v. Apel, 246 So.2d 134 (Fla. 4th DCA 1971); and Great American Ins. Co. v. Cornwell, 191 So.2d 435 (Fla. 1st DCA 1966).
In this case, the record shows that the hypothetical question which would have formed the basis of appellants' expert witness's opinion comported with the evidence and tracked the criteria for the basis of such an opinion. See, e.g., Christiansen v. State, 280 So.2d 41 (Fla. 3d DCA 1973); and Steiger v. Massachusetts Casualty Insurance Co., 273 So.2d 4 (Fla. 3d DCA 1973). Alternatively, appellants offered their expert witness's opinion based upon his independent review of the evidence. The record also shows that the medical records, reviewed by appellants' expert, comported substantially with the evidence adduced at trial. Johnson v. State, 314 So.2d 248 (Fla. 1st DCA 1978). Accordingly, based upon the record herein, in our opinion the hypothetical question and the medical records formed an adequate predicate for appellants' expert witness to render an opinion, without having been a treating physician. Therefore, because his opinion was crucial to appellants' case, the trial court erred in excluding his opinion.
Reversed and remanded for further proceedings consistent with this opinion.