BARKDULL, Judge.
Rosaleen Partin, the natural mother of Belinda Lyon (a child born in 1975), brings this appeal from a final judgment of permanent commitment of the circuit court, entered in favor of the Florida Department of Health and Rehabilitative Services.
In January, 1977, a City of Miami police officer visited the apartment of Rosaleen Partin and found her to be in an intoxicated condition; found the condition of her residence to be unclean, and found her child, Belinda Lyon, to be lying in bed covered with her own excrement. Mrs. Partin agreed that she was unable at that time to care for her child and, accordingly, the Florida Department of Health and Rehabilitative Services [the Department] placed the child in a shelter home. By court order of January 12, 1977, the child was declared dependent and placed in the temporary custody of the Department until a judicial hearing could be held.
At the court’s direction, Mrs. Partin underwent psychological examinations and counselling in June, 1977. Due to her emotional and alcohol-related problems, she was found not to be in a proper condition to care for her child. The testimony of two social workers, who had counselled Mrs. Partin, was to the effect that she was given the child to take home for an extended weekend visit, but failed to return the child. At that time, she was found in her apartment again intoxicated, and the child was again found covered with her own excrement and with a bottle of sour milk in her hand. Also, there was testimony that Mrs. Partin failed to attend various meetings and coun-selling sessions. Finally, there was testimony that the child was doing well, emotionally and physically, in a foster home.
In July, 1979, the Department petitioned the court for the permanent commitment of *275 the child on the grounds that such action was in the child’s best interest. Thereafter, the court again ordered Mrs. Partin to be examined, resulting in a report by a Dr. Walter Reed stating that Mrs. Partin’s condition had improved and that the earlier findings of pseudo-neurotic schizophrenia was no longer prominent. Dr. Reed could not testify about Mrs. Partin’s lifestyle, but he did testify that she herself claimed to be greatly improved and desirous of her child’s return. However, Dr. Reed did testify that it would be less traumatic for the child to be adopted than to remain with her natural mother. He also determined that because of Mrs. Partin’s poor judgment it would be dangerous for the child to be left in her care. He offered a poor prognosis for Mrs. Partin in the years to come. The result of this, his second set of tests, showed that she had made little improvement and still lacked the ability to care for her child properly.
After hearings on three different dates,[1] the trial court entered an order wherein it was found that the child’s natural father was unknown and/or unavailable; that Mrs. Partin had psychological emotional problems preventing her from adequately caring for-her child; that she had neglected the child when the child was in her care, and that there was an immediate need for the child to have a stable home environment on a permanent basis. For the best interests of the child, permanent commitment to the Department was ordered for the purposes of subsequent adoption.
The appellant urges two points for reversal: (1) That the court erred in admitting certain testimony from Dr. Reed in regard to the 1977 examination because, although conducted under his supervision, the tests were not actually administered by him, and (2) That the evidence was insufficient to support the order of commitment.
As to the first error urged, we find no merit. The tests in question were routine psychological tests, administered by a graduate student under the direction of the doctor who was concededly qualified and he was amply capable of interpreting the results as recorded by his assistant.[2] In this connection, see: Santos Wrestling Enterprises, Inc. v. Perez, 367 So.2d 685 (Fla. 3d DCA 1979). Turning to the sufficiency of the evidence, the statute involved reads, in part, as follows:
“39.41 Powers of disposition.—
(1) When any child is adjudicated by a court to be dependent, the court having jurisdiction of the child shall have the power, by order, to:

(d) 1. Permanently commit the child to the department or a licensed child-placing agency willing to receive the child for subsequent adoption:
a. (I) If the court finds that the parent has abandoned, abused, or neglected the child; ”

This statute has been found to be constitutional. In re Interest of Camm, 294 So.2d 318 (Fla.1974). The trial judge made a specific finding that the child had been neglected, which finding is amply supported by the evidence in the record. He further found it was in the best interests of the child for her to be permanently committed for purposes of adoption, and no error appears in this regard. In re Interest of Camm, supra; In the Interest of Contrino, 338 So.2d 246 (Fla. 3d DCA 1976).
Therefore, for the reasons stated, the order of commitment here under review be and the same is hereby affirmed.
Affirmed.

. Mrs. Partin presented no testimony or evidence at the three hearings conducted on the petition, although represented by counsel at all times.

. It should be noted that Dr. Reed’s opinion is fully supported by a second testing performed, personally, by Dr. Reed. Therefore, if any error occurred in the admission of testimony based upon the 1977 examination, it would at most constitute harmless error. See: Section 59.041, Florida Statutes (1977).