DANAHY, Judge.
We reverse the defendant’s conviction for second degree murder and remand for a new trial.
*332 The defendant was charged by information with the second degree murder of his wife by shooting her with a firearm. A jury found the defendant guilty as charged. He was sentenced to life imprisonment with three years minimum mandatory.
On this appeal, the defendant challenges his conviction on the sole ground that a law enforcement officer improperly commented during his testimony on the defendant’s silence at the time of his arrest, despite the fact that the officer had been instructed by the prosecutor and the trial court not to make any such comment. The comment came during the officer’s direct testimony, as follows:
Q [By prosecutor.] After taking him into custody did he make any statement?
A He asked what was going on. We advised him he was a suspect in a shooting and—
Q Did he make any comment about the shooting or the incident?
A No, sir.
The defense moved for a mistrial and the trial judge denied the motion. However, the trial judge granted defense counsel’s alternative request to strike the officer’s testimony and instructed the jury to disregard his testimony.
In Shannon v. State, 335 So.2d 5 (Fla. 1976), our supreme court held that any comment on an accused’s exercise of his right to remain silent is reversible error, without regard to the harmless error doctrine. Our research reveals no case in any way diluting that holding, which we believe requires reversal in the instant case.
The officer clearly testified that the defendant was silent in the face of accusation. That was a comment on the exercise of the defendant’s right to remain silent. Since the supreme court has held that this cannot be harmless error, the action of the trial judge in striking the testimony and instructing the jury to disregard it could not render the error harmless.
The state argues that since the defendant took the stand and testified on his own behalf, this made the error harmless. We can find no Florida case so holding. We did find this expression by the Fourth District Court of Appeal in Galasso v. State, 207 So.2d 45, 48 (Fla. 4th DCA 1968), which was quoted with approval by our supreme court in State v. Galasso, 217 So.2d 326 (Fla.1968):
The ruling in the Miranda decision to the effect that it is impermissible to penalize an individual who while in police custody exercises his privilege against self-incrimination by remaining silent, prohibits the admission of testimony relating to the silence of a defendant during the investigatory stages of a criminal case, even though the defendant later chooses to take the stand at the trial and testify in his own behalf, cf. Jones v. State, Fla.App.1967, 200 So.2d 574, 576. To permit the use of such testimony would penalize the defendant for having remained silent at the investigatory stage because evidence of such silence tends to derogate his testimony at trial and also implies guilt.
The defendant testified in this case and said that at the time of his arrest he made certain exculpatory statements. Yet the jury had heard the law enforcement officer say that the defendant was silent in the face of accusation. The defendant’s credibility, of course, was a crucial issue. In United States v. Hale, 422 U.S. 171, 95 S.Ct. 2133, 2138, 45 L.Ed.2d 99 (1975), the Supreme Court said:
Not only is evidence of silence at the time of arrest generally not very probative of a defendant’s credibility, but it also has a significant potential for prejudice. The danger is that the jury is likely to assign much more weight to the defendant’s previous silence than is warranted. And permitting the defendant to explain the reasons for his silence is unlikely to overcome the strong negative inference that the jury is likely to draw from the fact that the defendant remained silent at the time of his arrest.
*333 For the foregoing reasons, we reverse and remand for a new trial.
REVERSED AND REMANDED.
RYDER, C.J., and FOGLE, HARRY W„ Associate Judge, concur.