319 So.2d 64 (1975)
Jessie ROSSON, Appellant,
v.
STATE of Florida, Appellee.
Nos. 74-799, 74-800.
District Court of Appeal of Florida, Second District.
September 17, 1975.
James A. Gardner, Public Defender, Sarasota, and Durand J. Adams, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahasse, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Appellant was charged by two informations with breaking and entering an automobile with intent to commit petit larceny. She was convicted on the theory that she aided and abetted Charles Johnson in the commission of the crimes.
At about 12:45 a.m. on November 2, 1973, Patrolman Davis was advised by a passing motorist of a break-in of a van which was in progress in the parking lot of the Omega Bar in Largo. Davis arrived on the scene in time to see Johnson leave the van and leap into a red Buick parked beside the van. The Buick sped away with the officer in pursuit. Near a wooded area Johnson stopped the car and fled on foot. He was captured a short time later by another officer. Appellant remained seated on the passenger side of the car and made no attempt to flee. She was arrested and read her rights. In response to the officer's questions, she said that Johnson was *65 a hitchhiker she picked up. Upon being questioned further she admitted she did not usually allow hitchhikers to drive but had on this occasion. Appellant told the officer that Johnson had told her the van broken into was his. While appellant and Johnson were being booked at the county jail, appellant supplied Johnson's address when he was unable to remember it.
The police found various stolen items in the car in which appellant was riding. A spotlight, a paint chart, a wallet badge and a pair of sunglasses were on the floor of the front seat on the passenger side. Two radios were on the back seat. The paint chart and one radio had been stolen from the van. The other items were stolen from a Chevrolet automobile which was parked next to the van.
At the close of the state's case, appellant made a motion for directed verdict which was denied. Neither appellant nor Johnson testified. The jury found appellant guilty of both charges.
Appellant correctly argues that since the evidence of her participation was circumstantial, the proof must not only be consistent with guilt but inconsistent with any other reasonable hypothesis. Williams v. State, Fla.App.4th, 1968, 206 So.2d 446. A conviction of aiding and abetting a crime requires proof of intent to participate in the conduct of the principal. E.g., Owens v. State, Fla.App.2d, 1974, 289 So.2d 472. The proof of appellant's intent to participate in the burglaries was circumstantial. Nevertheless, we believe the evidence was sufficient to uphold the convictions.
There was direct evidence that appellant had permitted Johnson to drive either her car or one under her control. Appellant's act of supplying Johnson's address to the police makes it clear that he was more than a hitchhiker. The car was parked next to the van when Johnson was observed to be bending over into the van. When Johnson ran back to the car, appellant was seen to be sitting on the passenger's side. Johnson then jumped into the car and drove it away at a high speed and was only brought to a stop by reason of police pursuit. The stolen items were found in the car. Some of the stolen items were bulky and could hardly have been unnoticed. The spotlight from the Chevrolet was on the floorboard on appellant's side of the car. Appellant's explanation that Johnson had told her the van belonged to him would not explain why articles were taken from the Chevrolet. While Johnson was not actually seen removing any of the articles in appellant's presence, it is clear that the van had just been burglarized because its owner said that he hadn't even had a chance to have a drink when the police came in the bar and asked the customers to check their vehicles to see if anything had been taken. The circumstantial evidence was strong enough to preclude a reasonable hypothesis of innocence.
The cases of Douglas v. State, Fla.App. 3rd, 1968, 214 So.2d 653, and Lockett v. State, Fla.App.4th, 1972, 262 So.2d 253, cited by appellant are close, but distinguishable on the facts. In each of these cases the crimes consisted of the taking of articles from inside a house while the defendant remained outside in an automobile. In both cases even though the proof was consistent with guilt it was not inconsistent with any other reasonable hypothesis. In the case sub judice, the crimes involved the taking of articles from two cars which were parked in a line next to the automobile in which the appellant was sitting.
Affirmed.
BOARDMAN, J., concurs.
HOBSON, A.C.J., dissents with opinion.
HOBSON, Acting Chief Judge (dissenting).
I cannot agree with the majority that the cases of Douglas v. State and Lockett *66 v. State, supra, are distinguishable on the facts from the facts of this case as set out in the majority opinion.
I quote extensively from Lockett to show the closeness of the factual situations involved:
"Eyewitnesses identified appellant as the person who was seated in the driver's seat of an automobile parked on the street adjacent to the Entwistle residence, while an unidentified youth was seen to walk from the side door of that house to the automobile carrying a portable television set and two shot guns or rifles, and to load the same into the parked car. The eyewitnesses having then left the area to report the matter to the police, did not see the car being driven away and, of course, they did not know who had driven the car to the crime scene. The police broadcast a bolo alert and on the basis of the description an officer located the appellant's car some 20 minutes later with appellant driving and a male and two female companions in the car. Other evidence established that the Entwistle home had been broken into that day, with the television and guns apparently stolen.
"Despite appellant's alibi, the evidence was certainly sufficient to establish (1) that it was appellant whom the witnesses saw seated in the car parked by the Entwistle home, and (2) that the unidentified youth seen loading the television set and guns into appellant's car was guilty of breaking and entering a dwelling house with intent to commit grand larceny. However, upon this evidence, appellant's guilt (of the crime charged) would necessarily depend upon a showing of aiding and abetting under Section 776.011, F.S., F.S.A., which requires proof of his intent to participate. Williams v. State, Fla.App. 1968, 206 So.2d 446; Douglas v. State, Fla.App. 1968, 214 So.2d 653.
"Intent may be, and in fact usually is, shown largely by circumstantial evidence, but if the proof of intent rests solely upon circumstantial evidence (as it does here) the proof must be not only consistent with the guilt of the accused, but also inconsistent with any other reasonable hypothesis. Broadnax v. State, Fla. 1952, 57 So.2d 651 and Williams v. State, supra. The circumstances of appellant sitting in his car parked outside the Entwistle residence while stolen personal property is being loaded into the car is unquestionably consistent with guilt. Yet, it is not wholly inconsistent with a reasonable hypothesis other than guilt (of the offense charged). For example, such circumstances are not inconsistent with the hypothesis that appellant drove his car to the Entwistle residence at the request of his companion who gave a legitimate purpose as a pretext, and only after the companion emerged from the residence carrying the stolen personal property did appellant become aware of his companion's real purpose."
The majority distinguish the facts of the Douglas and Lockett cases from the facts in this case in two ways. First, that the crimes in Douglas and Lockett consisted of taking articles from inside a house instead of from automobiles. Second, that in the case sub judice the articles were taken "from two cars which were parked in a line next to the automobile in which the appellant was sitting." There is absolutely no proof in this record that the appellant was sitting in the automobile next to the two cars from which the articles were taken at either the time that the articles were taken or at the time the articles were placed in the automobile in which she was sitting.
In both Douglas and Lockett there is direct proof that the defendants were sitting in the car at the time the crimes were being committed. In Lockett the defendant remained seated in the car when the articles were taken from the house and placed into the car.
*67 In my opinion the circumstantial evidence of guilt in the Douglas and Lockett cases was much stronger than in this case. The circumstantial evidence to prove the intent of the appellant to participate in the conduct of the principal in my opinion falls far short of satisfying the circumstantial evidence rule necessary to convict. The proof must not only be consistent with guilt, but inconsistent with any other reasonable hypothesis of innocence. Therefore, I respectfully dissent.