343 So.2d 666 (1977)
Walter B. LEBOWITZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-863.
District Court of Appeal of Florida, Third District.
March 10, 1977.
Robert A. Shupack, North Miami Beach, for appellant.
*667 Robert L. Shevin, Atty. Gen., and Linda Collins Hertz, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and PEARSON and HAVERFIELD, JJ.
PEARSON, Judge.
The appellant was convicted in a jury trial of the crime of buying, receiving or concealing stolen property, to wit: a purse, in violation of Section 811.16, Florida Statutes (1973). He appealed from the judgment, and this court entered an affirmance on the judgment in an opinion filed May 27, 1975 (Fla.App., 313 So.2d 473). The Supreme Court of Florida, thereafter, denied certiorari, finding that it was without jurisdiction (Fla., 330 So.2d 19). Subsequently, the cause came to be heard before the Supreme Court of the United States (October term, 1976) upon a petition for writ of certiorari to this court. The petition resulted in a mandate of the Supreme Court of the United States, entered October 4, 1976 (429 U.S. 808, 97 S.Ct. 44, 50 L.Ed.2d 68) vacating the judgment of this court and remanding the cause for consideration by us in light of Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976).
The facts of this case, which are set out in our prior opinion (see 313 So.2d 473), culminated in the issuing of a search warrant, resulting in the police going to the home of the appellant at 8:00, Saturday morning, December 8, 1973. At that time, the police searched the appellant's home and found the purse in question.
When the appellant took the stand and was cross-examined by the State, the prosecutor asked the appellant a series of questions about his silence with regard to the location of the purse during the search of his home by the police officers. In this regard, appellant takes the position that he was denied his right to remain silent and free from self-incrimination under the Fifth Amendment, and also denied his right to a fair trial, where the prosecutor inquired on cross-examination concerning his failure to explain to the police his possession of recently stolen property.
The question now before us, upon the mandate of the Supreme Court of the United States remanding the case to us, is to consider whether the recent case of Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), changes the result in the present case. We hold that it does not.
Upon consideration of this case in light of Doyle, we find two critical distinctions between the two cases. First of all, the Doyle case is "post-arrest" oriented. Secondly, the Doyle case involved repeated objections to the questions asked on cross-examination. In the present case, the cross-examination did not refer to "post-arrest" silence but rather to silence that took place at the time of the search of the appellant's home. Also, unlike Doyle, the present case involved no objections to the cross-examination question.
To quote from Mr. Justice Powell, delivering the opinion of the court in the Doyle case, "The question in these consolidated cases is whether a state prosecutor may seek to impeach a defendant's exculpatory story, told for the first time at trial, by cross-examining the defendant about his failure to have told the story after receiving Miranda warnings at the time of his arrest. We conclude that the use of the defendant's post-arrest silence in this manner violates due process, and therefore reverse the conviction of both petitioners." [Emphasis added] A reading of Mr. Justice Powell's opinion leaves no doubt that the thrust of the case was "post-arrest" oriented.
Further, we note Mr. Justice Powell's recognition of the fact that "... unless prosecutors are allowed wide leeway in the scope of impeachment cross-examination some defendants would be able to frustrate the truth-seeking function of a trial by presenting tailored defenses insulated from effective challenge."[1]
Additionally, we are buttressed here by the fact that in Doyle objections were made *668 to the cross-examination questions, whereas in the present case, objections were not made. See Cali v. State, 111 So.2d 703 (Fla. 2d DCA 1959); and cf. Tafero v. State, 223 So.2d 564 (Fla. 3d DCA 1969).
We, therefore, conclude that the Doyle case is not controlling in the present instance and, accordingly, we hereby reaffirm our prior decision in this case.
Affirmed.
HENDRY, C.J., dissents.
NOTES
[1] Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 at 97 (1976), footnote 7.