355 So.2d 108 (1977)
Learie Leo ALFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 44647.
Supreme Court of Florida.
November 10, 1977.
Rehearing Denied March 9, 1978.
David Roth of Cone, Owen, Wagner, Nugent, Johnson & McKeown, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Raymond L. Marky, Asst. Atty. Gen., Tallahassee, for appellee.
ADKINS, Judge.
We have for consideration a motion of Learie Leo Alford to vacate his sentence of death.
Alford's judgment and sentence were affirmed by this Court (Alford v. State, Fla., 307 So.2d 433), and the United States Supreme Court denied his petition for writ of certiorari (428 U.S. 912, 96 S.Ct. 3227, 49 L.Ed.2d 1221). In accordance with the rule of law pronounced in Gardner v. State, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393, this Court ordered the sentencing judge to state whether he based his sentencing decision upon any information not known to Alford. The trial judge responded that he did not consider any information unknown to Alford and enclosed a letter which he wrote to the probation supervisor prior to sentencing, saying:
"I know you have expended a great deal of time, effort and conscientious evaluation in the preparation of the pre-sentence report concerning Learie Leo Alford. I recall that you indicated to me that the revelation of the confidential section of this report to the defense would be damaging and compromising to sources who had confided in you. I respect your judgment in this.
"I feel, however, in a case in which the jury has recommended the supreme penalty known to our law, that there well may be a constitutional right to disclosure of this confidential section to the defendant. As far as I know, there is not yet a judicial decision on what the meaning of `factual material' in Rule 3.713(b) may be. I feel that if I cannot release the confidential section to the defendant, I should not review it myself in this particular case. I know that this means that I shall not have the benefit of a major portion of your work in this report because of this view and I regret that this is so.
"Accordingly, do not deliver that section of your report to me."
During the course of the clemency proceeding, the Governor wrote Alford's attorney and enclosed a copy of the confidential *109 evaluation portion of the pre-sentence investigation. The first paragraph of the confidential evaluation indicates that the sentencing judge was "made aware of some of these facts" by the supervisor.
In response to the motion to vacate, the State says that, assuming the judge was "made aware" of certain facts, that doesn't mean that he "considered" those facts in imposing the sentence. The State draws a distinction between being "aware" of certain facts and "considering" them. We agree.
The United States Supreme Court in Gardner recognized the ability of the sentencing judge to disregard material in imposing sentence when it said:
"In those cases in which the accuracy of a report is contested, the trial judge can avoid delay by disregarding the disputed material." (Emphasis supplied.)
The judicial discretion exercised in imposing the death sentence is limited in such a manner that the judge may not consider many factors of which he is aware. As pointed out in Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976),
"[I]t has never suggested that jury sentencing is constitutionally required. And it would appear that judicial sentencing should lead, if anything, to even greater consistency in the imposition at the trial court level of capital punishment, since a trial judge is more experienced in sentencing than a jury, and therefore is better able to impose sentences similar to those imposed in analogous cases. At 252, 96 S.Ct. at 2966.
* * * * * *
"Under Florida's capital-sentencing procedures, in sum, trial judges are given specific and detailed guidance to assist them in deciding whether to impose a death penalty or imprisonment for life. Moreover, their decisions are reviewed to ensure that they are consistent with other sentences imposed in similar circumstances. At 253, 96 S.Ct. at 2967.
* * * * * *
"The directions given to judge and jury by the Florida statute are sufficiently clear and precise to enable the various aggravating circumstances to be weighed against the mitigating ones. As a result, the trial court's sentencing discretion is guided and channeled by a system that focuses on the circumstances of each individual homicide and individual defendant in deciding whether the death penalty is to be imposed." (Emphasis supplied.) At 258, 96 S.Ct. at 2969.
In considering the imposition of the sentence, the trial judge's discretion is guided and channeled by statute and case law. He may be "aware" of other factors, but he does not "consider" these factors in the exercise of his discretion. For example, the judge may be "aware" of inadmissible evidence after a proffer has been made, but this evidence is never "considered" by the judge.
The record clearly shows that the trial judge complied with the requirements of Gardner and the motion to vacate is denied.
It is so ordered.
OVERTON, C.J., and ENGLAND and KARL, JJ., concur.
BOYD, J., dissents with an opinion.
HATCHETT, J., dissents with an opinion with which BOYD and SUNDBERG, JJ., concur.
BOYD, Judge, dissenting.
During the course of the clemency proceeding, the Governor wrote Alford's attorney and enclosed a copy of the confidential evaluation portion of the pre-sentence investigation. The first paragraph of the confidential evaluation indicates that the sentencing judge was "made aware of some of [the report's] facts" by the supervisor.
The trial court, however, has filed a copy of a letter sent to the probation supervisor prior to sentencing directing that the confidential portion of the report not be delivered to him. If, in fact, however, the sentencing judge was "made aware" by the supervisor of some of the report's undisclosed *110 facts, constitutional standards announced in Gardner v. State, supra, require that the undisclosed facts now be presented to appellant with an opportunity to refute them before the trial judge, if he should see fit.
In criminal proceedings, it is unconstitutional for courts to receive testimony concerning guilt without affording the accused an opportunity to know, confront and cross-examine the witnesses appearing against him. In my opinion, it is likewise unconstitutional for courts to impose sentences upon persons convicted of crime without affording the accused persons an opportunity to refute any information known to the sentencing judge. Without providing such protection, incorrect representations, perhaps made in good faith, could be used by the court to give punishment more severe than would otherwise be imposed.
Such protection is more important in capital cases, where the defendant's life is at stake, than in any other kind of case.
It is my opinion that prior to making a final determination in this cause, it should be remanded to the trial court with directions that, if any portion of the confidential record was made known to the judge, it be presented to the appellant with an opportunity to refute those statements. If, indeed, the judge did not know of information undisclosed to the defense, he should so advise this Court before the Court makes a final determination of this cause.
HATCHETT, Judge, dissenting.
I dissent from the majority opinion which denies Alford's motion to vacate his death sentence on the grounds that the trial court was made aware of facts during the sentencing phase of the trial proceedings which were not disclosed to defense counsel. The majority attempts to create a distinction between the trial court's "considering" this confidential information and his merely being "aware" of these facts. Allowing such a distinction to be made by the trial court violates the rationale in Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977) by violating the defendant's due process right to be given notice of and an opportunity to challenge any facts presented to the trial court relevant to its sentencing determination.
The majority has construed Gardner as recognizing "the ability of the sentencing judge to disregard material in imposing a sentence." This construction is based upon the statement that:
In those cases in which the accuracy of a report is contested, the trial judge can avoid delay by disregarding the disputed material. Gardner v. Florida, supra, at 1205.
However, I believe a reading of the entire paragraph from which that quotation is excised,[*] makes it clear that the Court in Gardner meant a trial court can disregard material only if it has been presented to the defendant for examination, and only after the defendant has been provided an opportunity to contest the accuracy of any facts. If the contested material is of critical importance, then the trial court may not merely disregard it, but rather must make a full inquiry and resolve the dispute.
Although the confidentiality of sources is an important state interest, it is clearly outweighed by the due process rights of a defendant sentenced to death.
BOYD and SUNDBERG, JJ., concur.
NOTES
[*] The State also suggests that full disclosure of the presentence report will unnecessarily delay the proceeding. We think the likelihood of significant delay is overstated because we must presume that reports prepared by professional probation officers, as the Florida procedure requires, are generally reliable. In those cases in which the accuracy of a report is contested, the trial judge can avoid delay by disregarding the disputed material. Or if the disputed matter is of critical importance, the time invested in ascertaining the truth would surely be well spent if it makes the difference between life and death. (Footnotes omitted) Gardner v. Florida, supra, at p. 1205. (emphasis added)