DAUKSCH, Judge.
It is improper at trial for comment to be made concerning a defendant’s invoking his right to remain silent after having been advised of his Miranda rights.[1] Shannon v. State, 335 So.2d 5 (Fla.1976); Bennett v. State, 316 So.2d 41 (Fla.1975); Paulen v. State, 352 So.2d 1205 (Fla. 4th DCA 1977), opinion issued November 22, 1977; Williams v. State, 335 So.2d 854 (Fla. 4th DCA 1976); Martin v. State, 334 So.2d 841 (Fla. 4th DCA 1976).
It is reversible error incapable of being rendered harmless error by some later statements. Bennett v. State, supra. As Judge Alderman noted in his dissent in Paulen v. State, supra, our Supreme Court has been invited to review the flat declaration made in Bennett. Until some change, if any, we follow Bennett strictly.
However, all of the above cited cases have to do with fair trial, jury trial. Here we have a delinquency proceeding, a judge trial. The standards are, and should be, different. Adjmi v. State, 208 So.2d 859 (Fla. 3d DCA 1968), cert. denied 395 U.S. 958, 89 S.Ct. 2097, 23 L.Ed.2d 745 (1969). A judge is in a position to weigh testimony, assess credibility and resolve conflicts, just like a jury, when he sits as a trier of the facts. There are no jury trials in delinquency proceedings. He also decides what testimony is to be excluded as being viola-tive of some evidentiary rule. He sits in the unique position of admitting and excluding testimony and then weighing what he admits and disregarding what he excluded. In the recent case of Alford v. State, 355 So.2d 108 (Fla.1977), Opinion filed November 10, 1977, it was recognized that a trial judge may be made aware of facts bearing on sentencing issues but that he was capable of disregarding the known facts in reaching his decision. Therefore, extending Alford to this case, we feel the trial judge is able to disregard the improper testimony in making his decision, thereby rendering the “error” harmless.
The particular colloquy we read in this case goes like this:
“Q. [Prosecutor] Can you repeat what you said then, today?
A. [Police Officer] Yes, sir. You have a right to remain silent; anything you say can and will be used against you in a court of law. You have a right to have an attorney. If you cannot afford one, one will be appointed by the State. Under *596 standing this, do you want to tell us anything?
Q. Okay. Is that what you asked? Do you want to tell us anything?
A. I asked him if he wanted — I don’t remember the exact wordings I used.
Q. Did Mr. Green say anything to you?
A. Not at that time.
Q. Did he say anything to you after-wards?
A. Yes, he said—
Q. When afterwards?
A. Approximately ten minutes later.”
If this was a jury trial there is no question the comment violated the Defendant’s right to a fair trial and the fact that the Defendant later made an inculpatory statement (or exculpatory, for that matter) does not render the error harmless because the jury has already heard the damaging testimony and can easily infer what they must not be permitted to infer. But we are of the opinion, and so hold, that in a non-jury trial such error can be rendered harmless and in this case it was rendered harmless by the immediate revelation the Defendant later made a statement to the police officer, a confession. We have considered In The Interest of I.S.H., a child, 344 So.2d 1295 (Fla. 4th DCA 1977), and do not recede from that opinion, nor confirm this case as being in accord with it, since the record which was relied upon in that case is not available to us here.
The Order appealed is AFFIRMED.
CROSS, J., concurs.
ANSTEAD, J., concurs specially, with opinion.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).