356 So.2d 891 (1978)
Earsel REASER, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-1515.
District Court of Appeal of Florida, Third District.
March 21, 1978.
Bennett H. Brummer, Public Defendant and Thomas G. Murray, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and Ronald A. Dion, Asst. Atty. Gen., for appellee.
Before PEARSON, NATHAN and KEHOE, JJ.
PER CURIAM.
Appellant, defendant below, appeals his conviction of grand larceny pursuant to a jury verdict, contending that the prosecutor's comment on his post-arrest silence requires reversal.
*892 A careful review of the record reveals that the comment at issue did not refer to defendant's silence after he was placed in custody, but to his failure to voluntarily go to the police when he knew he was likely to be charged with a crime, and offer them the defense he later asserted at trial, viz., that someone else stole the property at issue.
Several days had elapsed between the incident and the defendant's arrest. Defendant had scuffled with the complainant prior to fleeing the scene on foot, leaving his automobile behind. The car was easily traceable to him since it contained several identifying documents, and complainant could readily recognize him. Defendant should have known he was likely to be charged with a crime, and it is reasonable to believe that one who fears he is about to be charged with a crime committed by another would seek to exonerate himself as quickly as possible by volunteering exculpatory information to the police.
A defendant's silence in such circumstances can be used at trial to impeach him after he has voluntarily taken the stand and offered testimony which is inconsistent with his earlier silence. The prosecutor's comment was legitimate impeachment based on pre-arrest silence, not a comment on post-arrest silence, and therefore we find no error in the judgment below. Lebowitz v. State, 343 So.2d 666 (Fla.3d DCA 1977); United States ex rel. Burt v. New Jersey, 475 F.2d 234 (3d Cir.1973).
Affirmed.