378 So.2d 101 (1979)
Felix RUIZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-240.
District Court of Appeal of Florida, Third District.
December 28, 1979.
*102 Bennett H. Brummer, Public Defender and Bruce A. Rosenthal, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Steven L. Bolotin, Asst. Atty. Gen., for appellee.
Before SCHWARTZ and NESBITT, JJ., and EZELL, BOYCE F., JR. (Ret.), Associate Judge.
SCHWARTZ, Judge.
A jury found Ruiz guilty of attempted burglary and the trial judge sentenced him to ten years in the penitentiary as an habitual offender. We reverse for a new trial because the prosecutor commented to the jury on the defendant's silence at the time of arrest.
The record shows that Ruiz was apprehended immediately after he tried to flee the scene of an attempted house breaking on Miami Beach. At the trial, Ruiz took the stand and testified that he was merely trying to dissuade the actual perpetrator, one Alvarez, from committing the burglary and that he ran after seeing a policeman because of his prior record. During final argument, the assistant state attorney stated:
Doesn't it show you through the facts that you have heard when Officer Veski and when Officer Toreky came up and said that he walked back there, a police officer in uniform, and when he saw the Defendant Alvarez hit the fence, what did this man do? Did he stand there and say, `Officer, I am just trying to help this man out. I am just trying to talk him out of this.' No, he didn't. [emphasis supplied]
Defense counsel's immediate motion for mistrial on the ground that this remark constituted a comment on silence was denied. It should have been granted.
The issue is governed by the numerous decisions which hold that, when the question is properly preserved by a timely motion for mistrial, reversal is required by any reference to the defendant's failure to make a statement to an arresting or investigating police officer. E.g., Clark v. State, 363 So.2d 331 (Fla. 1978); Bennett v. State, 316 So.2d 41 (Fla. 1975); Barnes v. State, 375 So.2d 40 (Fla. 3d DCA 1979), and cases cited; Knight v. State, 374 So.2d 1065 (Fla. 3d DCA 1979), and cases cited. In this court, the state claims that these cases do not apply because the remark was not directed to Ruiz's silence after he was taken into custody but rather to the fact that he fled instead of remaining at the scene and telling the officer why he was there. We reject this contention. While the rule in question indeed applies only to references to custodial or post-apprehension silence, see Reaser v. State, 356 So.2d 891 (Fla. 3d DCA 1978), cert. denied, 366 So.2d 884 (Fla. 1978); Cridland v. State, 338 So.2d 30 (Fla. 3d DCA 1976), the prosecutor's remark in this case simply cannot properly be interpreted in the manner only now argued by the state.[1] Fairly read, it plainly suggested to the jury that if Ruiz's trial story were true, he would have told it to the policeman after being caught. It therefore fell squarely within the type of comment about silence which has been universally disapproved. Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976).
We disagree with the contention that the circumstantial evidence against Ruiz was insufficient to justify a conviction for the crime with which he was charged. See Rosson v. State, 319 So.2d 64 (Fla. 2d DCA 1975); Perry v. State, 177 So.2d 892 *103 (Fla. 3d DCA 1965). A new trial is therefore required.[2]
Reversed and remanded.
NOTES
[1] This view is vastly strengthened by the opinions expressed both by the prosecutor himself and by the trial judge at the very time that the remark was made. After the defendant moved for a mistrial on the ground that the remark was an impermissible comment on silence, the state attorney did not even contend to the contrary; he made only the totally unsupportable suggestion that the defendant had waived his right to silence by taking the stand. And, as the court correctly observed and predicted after nonetheless denying a mistrial:

"THE COURT: I am giving them an instruction on flight, I didn't plan on giving one that he has to say anything to an officer.
We both know what is going to happen to that when it goes up."
[2] This disposition makes it unnecessary to discuss the claimed deficiencies in the manner in which the defendant was sentenced as an habitual offender. But see § 775.084(3), Fla. Stat. (1975); King v. State, 369 So.2d 1031 (Fla. 4th DCA 1979); Shead v. State, 367 So.2d 264 (Fla. 3d DCA 1979).