911 So.2d 1278 (2005)
Tommy MITCHELL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-2585.
District Court of Appeal of Florida, Fourth District.
October 5, 2005.
Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Monique E. L'Italien, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted of possession of cocaine with intent to sell. We reverse for a new trial because the state impermissibly commented on his right to remain silent after being arrested.
After three police officers observed appellant engaging in hand to hand transactions with passengers in cars, they stopped in front of the house where this activity was occurring. Appellant then ran to the rear of the property, but other officers were located there, and when they identified themselves, appellant tried to run but was arrested. The officers then found cocaine rocks in sufficient quantity to support *1279 the charge of possession with intent to sell.
In closing argument the state improperly argued:
If you're innocent, you stand there, you tell the cop why you're innocent, you don't take off running. (emphasis added).
Appellant objected and moved for a mistrial, but the objection was overruled.
In Ruiz v. State, 378 So.2d 101, 102 (Fla. 3d DCA 1979), the defendant was apprehended while attempting to flee the scene of an attempted burglary, and the prosecutor made the following comment in closing argument:
Doesn't it show you through the facts that you have heard when Officer Veski and when Officer Toreky came up and said that he walked back there, a police officer in uniform, and when he saw the Defendant Alvarez hit the fence, What did this man do? Did he stand there and say, `Officer, I am just trying to help this man out. I am just trying to talk him out of this.' No, he didn't.
The third district held that the defendant's motion for mistrial should have been granted, citing cases prohibiting reference to a suspect's failure to make a statement to an arresting or investigating police officer. Ruiz has been cited favorably by our supreme court in State v. Hoggins, 718 So.2d 761 (Fla.1998), which recognized that our state constitutional law prohibits commenting on post-arrest silence.
Our reversal makes it unnecessary for us to address appellant's argument that section 893.101, Florida Statutes (2003), which eliminated knowledge of the illicit nature of a controlled substance as an element of a possession offense, is unconstitutional. See Wright v. State, 30 Fla. Law Weekly D1495, ___ So.2d. ___, 2005 WL 1398026 (Fla. 4th DCA Jun.15, 2005) (holding section 893.101 constitutional). Reversed for a new trial.
FARMER, J. and MILLER, KAREN A., Associate Judge, concur.