972 So.2d 996 (2008)
Luis CONCHA, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-776.
District Court of Appeal of Florida, Fourth District.
January 2, 2008.
Rehearing Denied February 13, 2008.
*997 Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
Concha was adjudicated guilty of felony driving under influence.
The primary issue on appeal is whether the prosecutor's questioning was fairly susceptible of being interpreted as a comment on Concha's right to remain silent. We conclude that it was, and accordingly reverse.
A police officer stopped Concha for an unrelated violation. The officer then observed Concha with bloodshot, glossed over eyes, and smelled alcohol on Concha. Concha subsequently failed to successfully complete roadside balance tests and was taken to an alcohol testing center (BAT) where he refused to perform any tests. At trial, a testifying officer stated that Concha:
refused to do . . . any tests whatsoever.
* * *
Q. And was he given the opportunity to take a breath test?
A. Yes, he was.
* * *
That's when he said he no longer spoke any English. Through the course of that we then brought in [someone] who did speak Spanish. He refused to take any other tests at that time.
On re-direct, the state asked the officer:
Q. And when you got to the BAT facility that morning, did he [Concha] demand to show the jury any roadsides, any exercises, meaning through the video?
[Concha's counsel]: Objection. It bears on my client's 5th Amendment right.
THE COURT: Overruled.
Q. You said previously he demanded in the car I want to do the roadsides and breath test. Right?

*998 A. Yes.
Q. When he got to the BAT facility did he say now that I'm on video I demand to show the jury at a later point in time how I perform on the roadsides?
A. No. When he got there I guess see, the facility
A. Just stop right there. Did he demand to do it, to do the roadsides?
A. Prior to getting there, yes.
Q. But when he got to the BAT, so that the jury can see, did he demand to do the roadsides at the BAT?
A. No.
Q. Did he demand to do a breath test?
A. No.
Q. To the contrary, did he refuse?
A. He did refuse.
During its closing argument, the state again emphasized Concha's failure to ask for more tests:
This is a person with a guilty conscience . . . who knew full well if he gave a breath test, you all would know how guilty he was. I'm not drunk he says. Okay. Prove it. No, no, no. No, no, no. I'm not going to let the jury see that. No, no, no, the jury is not going to see how I'm going to perform on the video.
Concha's defense theory was that police rushed their duties that night, and the state failed to prove beyond a reasonable doubt that Concha's normal faculties were impaired.
A prosecutor's question that is fairly susceptible of being interpreted by the jury as a comment on a defendant's right to remain silent is improper. Shabazz v. State, 928 So.2d 1267, 1268-69 (Fla. 4th DCA 2006); see also Rodriguez v. State, 753 So.2d 29, 37 (Fla.2000) (emphasizing that the "fairly susceptible" test is a very liberal rule); Mitchell. v. State, 911 So.2d 1278, 1279 (Fla. 4th DCA 2005) (citing Ruiz v. State, 378 So.2d 101, 102 (Fla 3d DCA 1979) (noting that a prosecutor cannot comment on a suspect's failure to make a statement to an arresting or investigating police officer)); Giorgetti v. State, 821 So.2d 417, 422 (Fla. 4th DCA 2002) ("The cases generally condemn any attempt to establish that defendant did not protest his arrest by declaiming his innocence in some way when he was being arrested."); Harris v. State, 726 So.2d 804, 805 (Fla. 4th DCA 1999) ("Under Hoggins, any reference, either through testimony or in argument, to a defendant's exercise of silence after the arrest is impermissible.") (citing State v. Hoggins, 718 So.2d 761, 768, 772 (Fla.1998)).
We recognize that a DUI suspect's refusal to submit to pre-arrest field sobriety tests may be admissible. See State v. Taylor, 648 So.2d 701 (Fla.1995) (holding that Taylor's refusal was not elicited in violation of the Fifth Amendment privilege against self-incrimination, and "that the refusal is probative of the issue of consciousness of guilt"). However, we deem the Taylor circumstances distinguishable.
Here, the state suggested Concha knew he was intoxicated because he did not ask to perform the sobriety tests when he had the opportunity at the BAT facility. The state's inquiry into Concha's failure to demand the tests was fairly susceptible of being interpreted as a comment on Concha's right to remain silent. Concha had a right not to say anything and not to demand an exculpatory procedure. See Giorgetti, 821 So.2d at 422; Harris, 726 So.2d at 805.
The state argues that its examination of the officer was admissible to impeach Concha's explanation as to why he refused to take the sobriety tests at the BAT facility. However, even if post-arrest silence could be used under such circumstances to impeach a defendant, Concha did not take the stand until after the officer testified. Thus, the state's re-direct could not have *999 been used to impeach non-existent testimony.
Finally, we do not construe the admission of the testimony as harmless. Evidence of Concha's impairment was not overwhelming and consisted solely of the roadside observations. Moreover, the state furthered the error by highlighting it in closing arguments.
Therefore, we reverse and remand for a new trial.
STEVENSON and MAY, JJ., concur.