BENTON, C.J.
Taylor Coleman appeals her convictions on two counts of third-degree felony theft, one count of third-degree burglary, and one count of criminal mischief. Because the trial court erred in overruling defense counsel’s objection to a witness’s comment on Ms. Coleman’s invoking her right to remain silent, and the state did not establish beyond a reasonable doubt that the improper comment was harmless, we reverse and remand for a new trial.
*325 Ms. Coleman was accused of committing thefts at two separate Lenny’s Sub Shops. At trial, Okaloosa County Sheriffs Investigator Jason Folley testified about interviewing Ms. Coleman as part of his investigation. Specifically, he testified that he told Ms. Coleman that he had begun to suspect both thefts involved a single employee with the opportunity and ability to gain access to both stores. Ms. Coleman had such opportunity and ability, he testified. Investigator Folley further testified that as he “began to put these pieces together she abruptly ended the interview.” Defense counsel objected and simultaneously moved for a mistrial on grounds Investigator Folley was improperly commenting on Ms. Coleman’s exercise of her right to remain silent. The trial judge overruled the objection and denied the motion for mistrial.
But “any comment which is ‘fairly susceptible’ of being interpreted as a comment on silence will be treated as such.” State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986) (citing State v. Kinchen, 490 So.2d 21 (Fla.1985); David v. State, 369 So.2d 943 (Fla.1979)). The state now concedes that Investigator Folley made an improper comment on Ms. Coleman’s reportedly sudden silence, and that the trial court erred in overruling defense counsel’s objection. The Fifth Amendment to the United States Constitution provides that no person “shall be ... compelled in any criminal case to be a witness against himself. ...” U.S. Const, amend. V. “To give effect to this clause, it is well-settled that ‘courts must prohibit all evidence or argument that is fairly susceptible of being interpreted by the jury as a comment on the [defendant’s] right of silence.’ Smith v. State, 681 So.2d 894, 895 (Fla. 4th DCA 1996) (citing State v. Smith, 573 So.2d 306, 317 (Fla.1990)).” Morris v. State, 988 So.2d 120, 122 (Fla. 5th DCA 2008). See also Traylor v. State, 596 So.2d 957, 964-66 (Fla.1992) (discussing state constitutional right not to be compelled to be a witness against oneself).
The state contends, however, that the error was rendered harmless when defense counsel asked Investigator Folley on cross-examination about whether there was anything unusual in an interviewee’s decision to stop talking to police once the interviewee realized she had come under suspicion. Appellant explains this line of questioning as an attempt to mitigate the damage done by the improper comments. See generally In re M.E.G., 353 So.2d 594, 595 (Fla. 4th DCA 1977) (improper comment on silence during a jury trial “is reversible error incapable of being rendered harmless error by some later statements”). “The harmless error test ... places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict_” DiGuilio, 491 So.2d at 1135. “If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful.” Id. at 1139.
In this circumstantial evidence case, we cannot say beyond a reasonable doubt that the witness’s improper comment on Ms. Coleman’s right to remain silent did not contribute to the verdict on all four counts. See Id. Defense counsel’s follow-up questioning of Investigator Folley concerning the improper comment was an understandable effort to attenuate the harm which, however, we cannot be sure succeeded in undoing the damage.
Reversed and remanded.
DAVIS and THOMAS, JJ., concur.