DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WILLIE JAMES SHEELY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-2171

[August 14, 2024]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Phoebee Francois, Judge; L.T. Case No. 22-010037-MU10A.

Gordon Weekes, Public Defender, and Kelsey D. Moldof, Assistant Public Defender, Fort Lauderdale, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Melynda L. Melear, Senior Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, J.

The appellant, Willie Sheely ("defendant"), appeals from his convictions for driving under the influence ("DUI") and driving while license suspended ("DWLS"), raising numerous issues. We affirm as to the DWLS conviction because any error raised was harmless. However, we reverse the DUI conviction based on our holding that comments made by the prosecutor during closing argument shifted the burden of proof. We affirm as to all other issues raised because they either lack merit, were not raised below, were waived, or constitute harmless error.

During closing argument, the prosecutor emphasized several times that the defendant did not seize the opportunity to dispel the officers' suspicions that he was driving while impaired. The prosecutor stated that the defendant "says no" when taken to "a room safely designated for him [to perform sobriety exercises] to dispel the suspicions." He had an "opportunity . . . to . . . dispel the suspicions." He also "declined" to "dispel the officers' suspicions" by submitting to a breathalyzer test.

The defendant argues these comments amounted to comments on his silence that also shifted the burden of proof. "[A] DUI suspect's refusal to submit to pre-arrest field sobriety [tasks] may be admissible" as probative of the issue of consciousness of guilt. *Concha v. State*, 972 So. 2d 996, 998 (Fla. 4th DCA 2008). However, such comments can cross over into comments on the defendant's right to remain silent as occurred in this case.

For instance, in *Concha*, a DUI case, the officer testified over objection that Concha did not demand to do roadside tests at the station and to have it recorded for a jury. *Id.* at 997-98. The officer also testified that Concha did not "demand to do a breath test" and instead refused. *Id.* at 998. During closing argument, the state emphasized Concha's failure to ask for more tests:

> This is a person with a guilty conscience . . . who knew full well if he gave a breath test, you all would know how guilty he was. I'm not drunk he says. Okay. Prove it. No, no, no. No, no, no. I'm not going to let the jury see that. No, no, no, the jury is not going to see how I'm going to perform on the video.

*Id.* On appeal, we reversed, holding that although a DUI suspect's refusal to submit to pre-arrest field sobriety tasks is admissible to prove consciousness of guilt, the prosecutor improperly went further. *Id.* The state's questioning was fairly susceptible of being interpreted as a comment on Concha's right to remain silent, as "Concha had a right not to say anything and not to demand an exculpatory procedure." *Id.* This court found the error was not harmless where evidence of Concha's impairment was not overwhelming and the improper inquiry was highlighted in closing arguments. *Id.* at 999.

In the case before us, the defendant did not object below based on the prosecutor's argument constituting a comment on silence. But he did object based on burden shifting. And the type of closing argument made by the prosecutor in *Concha* also shifts the burden of proof to a defendant. While the Fifth Amendment does not bar a prosecutor from arguing that a defendant's "refusal to perform the field sobriety exercises and submit a breath sample evidenced consciousness of guilt," in this matter, the prosecutor stepped over the line and improperly shifted the burden of proof "by arguing that an innocent person would volunteer to take a breath test to prove his or her innocence." *See Morris v. State*, 988 So. 2d 120, 123 (Fla. 5th DCA 2008). Such a comment suggests to the jury "that they should infer [the defendant's] guilt from the fact that he did not . . . take other affirmative steps to prove his innocence." *Id.*

2

Here, the prosecutor went beyond arguing that the defendant's failure to submit to field sobriety exercises constituted evidence of consciousness of guilt. He emphasized that the defendant declined the opportunity to dispel the officers' suspicions that he was impaired. This shifted the burden of proof by suggesting that the jury should infer the defendant's guilt because "he did not . . . take other affirmative steps to prove his innocence." *See id.* As in *Concha*, this was not a strong state prosecution of a DUI case. Here, there was no erratic driving pattern, no roadside exercises, and no breathalyzer results, and the defense astutely pointed out that the signs of impairment observed by the officer could have been attributed to benign reasons.

The defendant also argues that the trial court erred in admitting into evidence a body camera recording of a conversation between the arresting officers, during which a comment was made purportedly referencing the defendant's refusal to answer questions regarding whether he was impaired. The defendant asserts the comment constituted a comment on his right to silence. Based on the record, which includes videos, a transcript of the hearing on a motion in limine, and the trial transcript, we are unable to determine if the trial court erred in not excluding the challenged portion of the video in response to a contemporaneous objection lodged at trial. The trial court seemed to find any error was invited based on discussions at the hearing on the motion in limine. Unfortunately, some of what the parties said at sidebar during trial was unintelligible and could not be transcribed by the court reporter. Additionally, even defense counsel could not seem to recall what had been agreed to at the hearing. Consequently, we decline to find the trial court erred in admitting the body camera recording into evidence.[1]

*Affirmed in part, reversed in part, and remanded for new trial.*

LEVINE and CONNER, JJ., concur.

---

[1] The appellant has the "vital obligation" of demonstrating error, and "[t]his obligation necessarily includes the burden of making, preserving, and presenting an adequate record for appellate review." *U.S. Auto. Ass'n v. Bay Area Inj. Rehab Specialists Holdings, Inc.*, 311 So. 3d 172, 176 (Fla. 2d DCA 2020). Trial courts also have some responsibility in regard to ensuring a record is properly maintained. *See* Fla. R. Gen. Prac. & Jud. Admin. 2.535(h)(4)(A) (permitting entry of circuit-wide administrative orders by chief judges regarding electronic recording and subsequent transcription, and requiring such orders to "set forth responsibilities for the court's support personnel to ensure a reliable record of the proceedings").

*        *        *

*Not final until disposition of timely filed motion for rehearing.*